UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATISHA WALLACE,<br><br>Plaintiff,<br><br>v.<br><br>MEDIC AMBULANCE SERVICE, INC.,<br><br>Defendant. | No. 2:24-cv-02459-DAD-JDP<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REMAND<br><br>(Doc. No. 8) |

This matter is before the court on plaintiff's motion to remand this action to the Solano County Superior Court. (Doc. No. 8.) On October 31, 2024, the motion was taken under submission on the papers pursuant to Local Rule 230(g). (Doc. No. 10.) For the reasons explained below, the court will deny plaintiff's motion to remand.

**BACKGROUND**

On August 6, 2024, plaintiff Natisha Wallace filed this putative class action against her employer, defendant Medic Ambulance Service, Inc. ("defendant"), and unnamed defendants Does 1–100, in the Solano County Superior Court. (Doc. No. 1-1 at 5.) In her complaint, plaintiff asserts the following nine causes of action: (1) failure to pay overtime wages in violation of California Labor Code §§ 510 and 1198; (2) failure to provide required meal periods in violation of California Labor Code §§ 226.7 and 512(a) and the applicable Industrial Welfare Commission ("IWC") wage order; (3) failure to provide required rest periods in violation of

1

1  California Labor Code § 226.7 and the applicable IWC wage order; (4) failure to pay minimum
2  wages in violation of California Labor Code §§ 1194 and 1197; (5) failure to provide wages when
3  due in violation of California Labor Code §§ 201 to 202; (6) failure to provide accurate itemized
4  statements in violation of California Labor Code § 226(a); (7) failure to reimburse employees for
5  required expenses in violation of California Labor Code §§ 2800 and 2802; (8) violations of
6  California Labor Code §§ 2698, *et seq.*, the Private Attorneys General Act of 2004; and (9) unfair
7  competition in violation of California Business and Professions Code §§ 17200, *et seq.* (Doc. No.
8  1-1 at 5–27.)

9  On September 9, 2024, defendant removed the action to this federal court pursuant to the
10 court's federal question jurisdiction under 28 U.S.C. §§ 1331, 1441, and 1446 on the grounds that
11 federal question jurisdiction exists because plaintiff's claims are preempted under § 301 of the
12 Labor Management Rights Act ("LMRA"), 29 U.S.C. § 185. (Doc. No. 1 at 5–10.)

13 On October 9, 2024, plaintiff filed the pending motion to remand, asserting that none of
14 her claims are preempted. (Doc. No. 8.) Defendant filed an opposition on October 23, 2024, and
15 plaintiff filed her reply thereto on November 4, 2024. (Doc. Nos. 9, 11.)

16 **LEGAL STANDARD**

17 A suit filed in state court may be removed to federal court if the federal court would have
18 had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Removal is proper when a case
19 originally filed in state court presents a federal question or where there is diversity of citizenship
20 among the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331,
21 1332(a).

22 The defendant seeking removal of an action from state court bears the burden of
23 establishing grounds for federal jurisdiction by a preponderance of the evidence. *Geographic*
24 *Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106–07 (9th Cir. 2010); *Hunter*
25 *v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009); *Gaus v. Miles, Inc.*, 980 F.2d 564,
26 566–67 (9th Cir. 1992). "If at any time before final judgment it appears that the district court
27 lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). If there is
28 any doubt as to the right of removal, a federal court must reject jurisdiction and remand the case

to state court. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *see also Valdez v. Allstate Ins. Co*., 372 F.3d 1115, 1118 (9th Cir. 2004).

A party's notice of removal must contain "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure," and a "statement 'short and plain' need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84, 87 (2014); *see also Ramirez-Duenas v. VF Outdoor, LLC*, No. 1:17-cv-00161-AWI-SAB, 2017 WL 1437595, at *2 (E.D. Cal. Apr. 41, 2017) ("The notice of removal may rely on the allegations of the complaint and need not be accompanied by any extrinsic evidence.").

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018) ("Removal based on federal-question jurisdiction is reviewed under the longstanding well-pleaded complaint rule."). "[T]he presence of a federal question . . . in a defensive argument does not overcome the paramount policies embodied in the well-pleaded complaint rule—that the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court." *Caterpillar*, 482 U.S. at 398–99.

## ANALYSIS

**A.     Preemption under § 301 of the LMRA**

In its notice of removal, defendant asserts that this court has federal question jurisdiction over this action. (Doc. No. 1 at 5.) Defendant argues that several of plaintiff's claims are preempted by § 301 of the LMRA because they either exist solely under, or their adjudication requires interpretation of the terms of, the collective bargaining agreement ("CBA") between Medic Ambulance Service and the United EMS Workers, Local 4911, AFSCME, and AFL-CIO. (*Id*. at 7.) In the pending motion, plaintiff seeks remand of this case to the Solano County Superior Court on the ground that she brings claims only under California law that do not support

federal question subject matter jurisdiction.  (Doc. No. 8.)  Plaintiff argues that none of her claims are preempted because her claims do not rely on the CBA or depend on an interpretation of the provisions of the CBA.  (*Id*. at 6.)  The central question posed here is whether, as defendant argues, plaintiff's claims are preempted by federal law.  Discussion of the relevant legal framework with respect to that issue is therefore necessary.

Section 301 of the LMRA, codified at 29 U.S.C. § 185(a), provides federal courts with original jurisdiction, regardless of the amount in controversy or citizenship of the parties, over any lawsuits "for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce."  29 U.S.C. § 185(a).  In the specific context of preemption under § 301 of the LMRA, the Ninth Circuit has recognized that preemption "has such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'"  *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1152 (9th Cir. 2019) (quoting *Metro. Life Ins. v. Taylor*, 481 U.S. 58, 65 (1987)).

Section 301 "authoriz[es] federal courts to create a uniform body of federal common law to adjudicate disputes that arise out of labor contracts."  *Curtis*, 913 F.3d at 1151 (citing *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 210 (1985) and *Loc. 174, Teamsters, Chauffeurs, Warehousemen & Helpers of Am. v. Lucas Flour Co.*, 369 U.S. 95, 103–04 (1962)).  As the Ninth Circuit has explained,

> federal preemption under § 301 "is an essential component of federal labor policy" for three reasons. *Alaska Airlines Inc. v. Schurke*, 898 F.3d 904, 917–18 (9th Cir. 2018) (*en banc*).  First, "a collective bargaining agreement is more than just a contract; it is an effort to erect a system of industrial self-government." *Id.* at 918 (internal quotation marks and citations omitted).  Thus, a CBA is part of the "continuous collective bargaining process." *United Steelworkers v. Enter. Wheel & Car Corp.* (*Steelworkers III*), 363 U.S. 593, 596 (1960).  Second, because the CBA is designed to govern the entire employment relationship, including disputes which the drafters may not have anticipated, it "calls into being a new common law—the common law of a particular industry or of a particular plant." *United Steelworkers v. Warrior & Gulf Navigation Co.* (*Steelworkers II*), 363 U.S. 574, 579 (1960).  Accordingly, the labor arbitrator is usually the appropriate adjudicator for CBA disputes because he was chosen due to the "'parties' confidence in his knowledge of the common law of the shop and their trust in his personal judgment to

4

> bring to bear considerations which are not expressed in the contract as criteria for judgment." *Id.* at 582. Third, grievance and arbitration procedures "provide certain procedural benefits, including a more prompt and orderly settlement of CBA disputes than that offered by the ordinary judicial process." *Schurke*, 898 F.3d at 918 (internal quotation marks and citation omitted).

*Hansen*, 902 F.3d at 1152.

The determination of whether a claim is preempted by § 301 is made by way of a two-step inquiry. The first question is "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law," or if instead the right is conferred by a CBA. *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007). This step requires the court to consider "the legal character of a claim, as 'independent' of rights under the collective-bargaining agreement [and] not whether a grievance arising from 'precisely the same set of facts' could be pursued." *Livadas v. Bradshaw*, 512 U.S. 107, 123 (1994) (citation omitted). If the asserted cause of action is conferred solely by the CBA, the claim is preempted. *Burnside*, 491 F.3d at 1059. If not, the court must still decide whether the claim is "'substantially dependent' on the terms of a CBA" by determining "whether the claim can be resolved by 'looking to' versus interpreting the CBA." *Id.* at 1059–60 (citations omitted). "The term 'interpret' is defined narrowly—it means something more than 'consider,' 'refer to,' or 'apply.'" *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1108 (9th Cir. 2000). If the claim requires interpretation of the CBA, the claim is preempted; if the claim merely requires "looking to" the CBA, it is not preempted. *Burnside*, 491 F.3d at 1060. Once preempted, "any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar*, 482 U.S. at 393.

**B.      Application**

Here, defendant offers undisputed evidence that plaintiff was subject to the terms of a CBA between defendant and the United EMS Workers, Local 4911, AFSCME, and AFL-CIO. (Doc. Nos. 1-8, 1-9.) Based on that showing, defendant contends in its opposition to the motion to remand that plaintiff's overtime claim is preempted by § 301 at the first step of the *Burnside* inquiry. (Doc. No. 9 at 8–9.)

5

1.     Overtime Claim

With respect to the first step of the analysis set out by the court in *Burnside*, defendant persuasively argues that plaintiff's overtime claim is preempted because her right to overtime pay exists solely as a result of the CBA. (*Id*. at 8–12.)

California Labor Code § 510 sets forth the requirements of hour limits on a workday and the rate at which various amounts of overtime must be compensated. Cal. Lab. Code § 510. However, California Labor Code § 514 also provides that:

> Sections 510 and 511 do not apply to an employee covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage.

Cal. Lab. Code § 514. When the requirements of § 514 are satisfied by a CBA, the right to overtime compensation "exists solely as a result of the CBA" and is preempted under § 301. *Curtis*, 913 F.3d at 1155; *see also Dent v. National Football League*, 968 F.3d 1126, 1135 (9th Cir. 2020).

Here, it is uncontested that the CBA expressly provides for the wages, hours of work, and working conditions of all covered employees, and that the CBA provides premium wage rates for all overtime hours worked. (Doc. No. 1 at 7 (identifying relevant CBA provisions).) Defendant has submitted for the court's consideration a copy of the CBA which contains express provisions addressing these items. (*See* Doc. Nos. 1-8 at 14–17 (expressly providing for working conditions); 19–21 (expressly providing for hours of work); 25 (expressly providing premium wage rates for overtime); 45–52 (expressly providing wages and a base rate of pay of more than 30 percent of the applicable California minimum wage)). As a result, plaintiff's right to overtime pay "exists solely as a result of the CBA." *Curtis*, 913 F.3d at 1155 (establishing that a plaintiff's right to overtime is preempted when the operating CBA meets the applicable requirements).

In the pending motion to remand, plaintiff argues that the fact that her overtime claim is potentially subject to the "complete preemption" exemption has no impact on the fact that her right to overtime is governed by California law as opposed to the CBA. (Doc. No. 8 at 7–9.)

6

1   Pointing to the fact that she did not raise the CBA in her complaint, plaintiff argues that
2   defendant's reliance on the CBA and invocation of the exemption are merely part of an
3   affirmative defense, which does not alter the nature of her claim. However, as suggested above,
4   this argument was specifically foreclosed by the Ninth Circuit in its decision in *Curtis*. 913 F.3d
5   at 1152 ("Although normally federal preemption is a defense that does not authorize removal to
6   federal court, § 301 has such 'extraordinary pre-emptive power' that it 'converts an ordinary state
7   common law complaint into one stating a federal claim for purposes of the well-pleaded
8   complaint rule.'") (citation omitted); *see also Josephson v. Lamon Const. Co., Inc.*, No. 2:23-cv-
9   00043-DAD-AC, 2023 WL 9183255, at *5 (E.D. Cal. Dec. 8, 2023) (rejecting the plaintiff's
10  argument that because he "did not raise the CBA in his [operative complaint] . . . defendant's
11  reliance on the CBA and invocation of the exemption are part of an affirmative defense," noting
12  that the previous "split amongst district courts in the Ninth Circuit as to whether claims were
13  preempted under the first prong of the *Burnside* test when the plaintiffs did not mention a CBA in
14  their complaints . . . was resolved by the Ninth Circuit in its decision in *Curtis*").

15  Next, plaintiff argues that California Labor Code § 514 "fails to provide blanket LMRA
16  preemption over Plaintiff's First Cause of Action," because she asserts her overtime claim under
17  both California Labor Code § 510 and § 1198[1], and not just under § 510. (Doc. No. 8 at 9.) In
18  support of this argument, plaintiff cites two cases which she purports suggest that the court should
19  not find preemption and should grant her motion to remand. (Doc. No. 8 at 9) (citing *Andrade v.
20  Rehrig Pac. Co.*, No. 20-cv-01448-FMO-RAO, 2020 WL 1934954 (C.D. Cal. Apr. 22, 2020));
21  (Doc. No. 11 at 2) (citing *Vasserman v. Henry Mayo Newhall Mem'l Hosp.*, 65 F. Supp. 3d 932
22  (C.D. Cal. 2014)).

23  However, the court has reviewed plaintiff's cited authority and finds that it lends little
24  support to her position. *Andrade* is distinguishable because there the plaintiff only brought his
25  overtime claim pursuant to California Labor Code §§ 1194 and 1198, and not also pursuant to

---

[1] California Labor Code § 1198 provides: "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

§ 510, as plaintiff has done here. *Andrade*, 2020 WL 1934954, at *1; s*ee Alexander v. Bio-Pac., LLC*, No. 2:23-cv-00139-SPG-PD, 2023 WL 2573866, at *4 (C.D. Cal. Mar. 20, 2023) ("Plaintiffs cite to *Andrade* for the proposition that claims under § 510 can nevertheless be remanded back to state court. The plaintiff in *Andrade* asserted his overtime claim under California Labor Code sections 1194 and 1198—not section 510. The court in that case based its decision to remand on the fact that § 514 does not abrogate plaintiff's rights under § 1194. Here, in contrast, Plaintiffs base their overtime claim in part on section 510.") (internal quotations marks and citations omitted); *id*. at *2, 4 (finding that, upon the defendants' showing that "the CBA is a qualifying CBA under Section 514," the plaintiffs' "overtime claim, brought under California Labor Code sections 510, 1194, and 1199" was "based on rights that arise solely from their CBA" and "therefore preempted under step one of the of the preemption test"). Further, while the district court in *Vasserman* held that the plaintiff's claim for failure to provide overtime compensation in violation of California Labor Code §§ 204, 510, 1194, and 1198 was "not preempted by § 301," the district court's decision in *Vasserman* predated the Ninth Circuit's decision in *Curtis*. Following *Curtis*, district courts "have concluded that the *Vasserman* line of cases is no longer good law on this point." *Tejeda v. Vulcan Materials Co*., No. 23-cv-00619-JCS, 2024 WL 3642403, at *16 (N.D. Cal. Aug. 1, 2024) ("Federal courts—including the undersigned—previously found that statutory exceptions to state law wage and hour requirements involving non-negotiable rights, such as meal periods, were affirmative defenses that did not give rise to preemption. However, in 2019 the Ninth Circuit reached a different conclusion in *Curtis*.").

Plaintiff also argues in her reply brief that *Curtis* "is inapposite to the instant motion" because the decision in *Curtis* "concerned a defendant's motion to dismiss" and not a plaintiff's motion to remand. (Doc. No. 11 at 2, 4.) The undersigned agrees with "the majority of courts [which] have found that to be a distinction without a difference." *Brumble v. Andrew M. Jordan, Inc*., No. 23-cv-01336-RS, 2023 WL 4053418, at *2 n.1 (N.D. Cal. June 16, 2023) (citing *Alexander*, 2023 WL 2573866, at *3 ("[T]he fact that *Curtis* did not involve a motion to remand is a distinction without a difference.")). Further, "an overwhelming majority of courts," including

8

1   this one, "have applied *Curtis* to exercise original jurisdiction over claims covered by CBAs

2   compliant with section 514." *Alexander*, 2023 WL 2573866, at *4 (collecting cases); *see also*

3   *Clee v. Benson Indus., Inc.*, No. 2:24-cv-01529-DAD-AC, 2024 WL 4462337, at *4 (E.D. Cal.

4   Sept. 30, 2024); *Van Bebber v. Dignity Health*, No. 1:19-cv-00264-DAD-EPG, 2019 WL

5   4127204, at *7–8 (E.D. Cal. Aug. 30, 2019). Accordingly, the court rejects plaintiff's argument

6   that *Curtis* applies only in the limited context of a motion to dismiss and concludes that plaintiff's

7   overtime claim brought in this action is preempted by § 301 of the LMRA at the first step of the

8   *Burnside* inquiry.

9         2.     <u>Supplemental Jurisdiction</u>

10   Plaintiff's remaining claims arise from the same working conditions and relationship with

11   defendant as her claims for failure to provide required overtime. (*See* Doc. No. 1-1.) The court

12   therefore finds that the claims derive from a "common nucleus of operative fact" and that this

13   court has supplemental jurisdiction over plaintiff's remaining claims. *See Kuba v. 1–A Agric.*

14   *Ass'n*, 387 F.3d 850, 855 (9th Cir. 2004) (exercising supplemental jurisdiction where the

15   remaining claims are "derive[d] from a common nucleus of operative fact" and of the nature

16   which "a plaintiff would ordinarily be expected to try them in one judicial proceeding."); *see also*

17   *Clee*, 2024 WL 4462337, at *5 (exercising supplemental jurisdiction when a preempted claim

18   arose from the same employment relationship that other claims arose from); *Josephson*, 2023 WL

19   9183255, at *5 (same); *Rodriguez v. Sukut Constr., Inc.*, No. 1:22-cv-01181-CDB, 2022 WL

20   17547526, at *8 (E.D. Cal. Dec. 9, 2022) (exercising supplemental jurisdiction after finding that

21   the plaintiff's overtime and meal break claims were preempted "to avoid needless expense of

22   judicial resources and the potential for inconsistent judgments due to parallel proceedings").

23   Because of this, the court need not consider the parties' arguments as to plaintiff's remaining

24   claims over which the exercise of supplemental jurisdiction is appropriate.[2]

25   /////

---

26   [2] The court notes that if plaintiff were to amend her complaint and remove her overtime claim,
27   she could file a request for reconsideration, wherein the court may evaluate whether her
    remaining causes of action are preempted by § 301. *See Nelson v. Foster Poultry Farms*, 706 F.
28   Supp. 3d 1007, 1010–11, 1015–24 (E.D. Cal. 2023).

9

**CONCLUSION**

For the reasons set forth above:

1. Plaintiff's motion to remand this action to the Solano County Superior Court (Doc. No. 8) is DENIED; and

2. In accordance with the court's prior order (Doc. No. 13), the court hereby RESETS the Initial Scheduling Conference in this case for May 12, 2025 at 1:30 p.m. before the undersigned via Zoom.  The parties may file a joint status report containing any additional scheduling information that they wish the court to consider, not included in their previously filed joint status report (Doc. No. 12), by no later than fourteen (14) days before that date.

IT IS SO ORDERED.

Dated:   **April 10, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE